UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                      Civil No. 08-cv-508-JM

295 Grant Rd, Grant, Florida
Land and Buildings Located at
295 Grant Road, Grant, Florida,
with all Appurtenances and
Improvements Thereon, Owned by
Eduardo K. Fernandez and
Raquel Fernandez

**O R D E R**

National City moves to vacate the judgment of April 17, 2009, under Fed. R. Civ. P. 60(b).  The government objects.

Background Facts

National City is the current holder of a mortgage on 295 Grant Road, Grant, Florida.  The mortgage executed by Eduardo Fernandez and Raquel Fernandez in favor of Harbor Federal Savings Bank became the property of National City when Harbor was acquired by National City on December 6, 2006.

On December 16, 2008, the United States filed a Verified Complaint for Forfeiture (document no. 1).  Direct notice was provided to Harbor Federal, c/o National City on February 11,

2009, by certified mail, of the Verified Complaint, Writ of Entry, Notice of Lis Pendens, and ECF Notice (document no. 5). The United States also provided a substantially completed form for filing a claim and a draft "Expedited Settlement Agreement" (document no. 15-4). The letter expressly set forth the statutory deadline for filing a claim – March 18, 2009. National City's legal department received the package from the bank's mortgage office on February 25, 2009 (document no. 15-4, Exh. B).

National City did not file a claim by the March 18th deadline. National City did not seek an extension of the deadline. An order of forfeiture was entered on April 17, 2009 (document no. 8). On June 6, 2009, almost three months after the claim deadline, National City moved to vacate the judgment. National City claims excusable neglect based on an inability to find the loan documents.

## Discussion

An intervenor in a forfeiture case must have independent standing to raise defenses to forfeiture. United States v. One-Sixth Share, 326 F.3d 36, 40 (1st Cir. 2003). The failure to file a timely claim disqualifies a would-be intervenor, i.e. the party "who fails to file a claim normally lacks standing to

contest a forfeiture." Id. at 41.  National City never filed a claim or answer and certainly did not do so by March 18th.

National City seeks relief under Fed. R. Civ. P. 60(b)(1) claiming excusable neglect.  Rule 60(b)(1) permits a party to seek relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect."  The test in the First Circuit requires that "[a]t a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." Cintron-Lorenzo, et al. v. Departamento De Asuntos Del Consumidor et al., 312 F.3d 522, 527 (1st Cir. 2002).

Simply stating that it attempted to obtain the loan documents is an insufficient explanation of its neglect. National City offers no information of what its search consisted of, why it took two months, who searched, or when they searched. The U.S. Attorney provided a substantially complete claim form for National City's use.  National City's legal department received the government's notification well before the deadline and did nothing.  No effort was made to request an enlargement of time.  In fact, the government's notice was met with thundering silence.

Lack of prejudice is not a justification to excuse the negligence of National City's legal department.

The motion to vacate (document no. 15) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 31, 2009

cc:   Robert J. Rabuck, Esq.
      Jeffrey J. Clark, Esq.